UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WENDY ROCHELLE RHODES,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF THE ARMY, *et al.*,

    *Defendants.*

No. 24-cv-3619 (DLF)

**ORDER**

    Plaintiff Wendy Rochelle Rhodes, who served in the U.S. Army from 1987 to 1988, brings this action against the United States Department of the Army, Christine E. Wormuth, Secretary of the Army, in her official capacity, and other federal defendants in their official capacities, challenging a decision by the Board for Correction of Military Records. *See* Compl., Dkt. 1. Rhodes was discharged from service in 1988 after suffering sexual trauma at the hands of her superior office and being caught in possession of cocaine. *Id*. ¶¶ 40–49. In 2016, Rhodes filed an Application for Correction of Military Records requesting that the Board upgrade the status of her discharge from "Under Other than Honorable Conditions" to "Honorable." *Id*. ¶ 2. She subsequently applied for reconsideration of the denial, which the Board also denied. *Id*. ¶¶ 4, 6. In the present action, Rhodes challenges the 2022 denial of her reconsideration request. Before the Court is the defendants' Motion for Voluntary Remand and Stay of Proceedings. Dkt. 15.

    Courts have "broad discretion to grant or deny an agency's motion to remand," *Util. Solid Waste Activities Grp. v. Envtl. Prot. Agency*, 901 F.3d 414, 439 (D.C. Cir. 2018), and will

1

"generally grant an agency's motion to remand so long as 'the agency intends to take further action with respect to the original agency decision on review,'" *id.* (citing *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017). An agency does not need to "confess error or impropriety in order to obtain a voluntary remand," but "ordinarily does at least need to profess intention to reconsider, re-review, or modify the original [challenged] agency decision." *Limnia*, 857 F.3d at 387.

Both parties agree that the Court should remand the case to allow the Board to reconsider Rhodes's 2020 application for reconsideration. *See* Def's Mot. for Remand at 1; Pl.'s Opp'n at 2, Dkt. 16. But Rhodes argues that the Court should mandate that the Board employ special procedures during their reconsideration of Rhodes's application, Pl.'s Opp'n at 4–8.

The Court will remand and stay the case. Courts in this circuit "commonly grant such motions" for voluntary remand, "preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *see also Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008). The Army has represented that it will reconsider Rhodes's application and reexamine its 2022 decision. *See Limnia*, 857 F.3d at 387. And courts also regularly stay proceedings while the case is on remand. *See, e.g.*, *Code v. McHugh*, 139 F. Supp. 3d 465, 466 (D.D.C. 2015); *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 76 (D.D.C. 2015); *Sierra Club*, 560 F. Supp. 2d at 26.

The Court also declines to impose procedural conditions on the Board or retain continuing supervision over the proceedings. Federal law gives Secretaries of the Army the authority to establish board procedures. *See* 10 U.S.C. § 1552(a)(3)(A). A "very basic tenet of

administrative law" is that agencies "should be free to fashion their own rules of procedure," absent constitutional constraints or "extremely compelling circumstances." *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council*, 435 U.S. 519, 543–44 (1978). Except under "extremely rare" circumstances, if an agency refuses "to grant additional procedural rights in the exercise of their discretion, [] reviewing courts are generally not free to impose them." *Id*. at 524. Rhodes has not presented "extremely rare" circumstances that would warrant Court-mandated procedures.[1]

---

[1] Rhodes points to three court remand orders in other cases imposing additional instructions. But in all three instances, the defendant consented to those conditions. The Court shall "not interfere with the [Army's] established process for reviewing records correction applications," as Rhodes has not demonstrated compelling circumstances and the Army has not consented to those conditions. *See Borud v. Emmert*, No. 24-1211-TNM, 2025 WL 894417, at *3 (D.D.C. Mar. 24, 2025).

Accordingly, it is

**ORDERED** that the defendant's Motion for Voluntary Remand and Stay of Proceedings, Dkt. 15, is **GRANTED**.  It is further

**ORDERED** that the case be **REMANDED** to the Army Board for Correction of Military Records for reconsideration of their decision and that proceedings in this Court are **STAYED** until further order of the Court.   It is further

**ORDERED** that, on or before August 19, 2025, and every 60 days thereafter, the parties shall file a joint status report indicating the status of the Board's remand proceedings.  It is further

**ORDERED** that on or before 30 days following the issuance of a decision by the Board, the parties shall file a joint status report informing the Court if further proceedings are necessary and, if so, providing a proposed schedule for those proceedings.

_____
DABNEY L. FRIEDRICH
United States District Judge

April 21, 2025